IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE RYMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-3385 |
| | § | |
| MICHAEL WODKINS AND HOLLY WHITE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit seeking monetary damages against state parole officers Michael Wodkins and Holly White. He claims that the parole officers wrongfully discharged him from a civil commitment treatment program in February 2011 at the Ben Reed Halfway House. Plaintiff further asserts that, because of the defendants' unlawful actions, he was required to serve an eight-year sentence through the Texas Department of Criminal Justice. He states that his sentence was imposed on June 30, 2013, and is due to expire in February 2019.

*Limitations Bar*

The Fifth Circuit Court of Appeals recognizes that, if it is obvious from the face of an *in forma pauperis* complaint that the case is barred by the statute of limitations, the district court can dismiss under section 1915. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *Washington v. Texas Dep't Criminal Justice*, 653 F. App'x 370, 371–72 (5th Cir.

2016). The statute of limitations applicable in this case is the two-year limitations period used for Texas personal injury claims. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). Although the limitations period is governed by state law, "the accrual date of a section 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted). A plaintiff does not need to know that a legal cause of action exists, but only needs to know the facts that would support a claim. *Id.*

In the instant case, plaintiff was aware that the defendants discharged him from the civil commitment treatment program on February 5, 2011, an act which he claims violated his constitutional rights. Thus, limitations commenced on or about February 5, 2011, and expired two years later, on or about February 5, 2013. This lawsuit, filed on September 19, 2018, is untimely by over five and one-half years and plaintiff's claim must be dismissed as barred by limitations. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam).

*Heck Bar*

Plaintiff further claims that the defendants' actions caused his unlawful 2013 felony conviction for violation of a civil commitment requirement. This claim, and his request

2

for monetary damages, are barred at this time by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* Neither plaintiff nor public state court records show that his 2013 conviction has been reversed or otherwise set aside, and his claim must be dismissed as barred by *Heck*. The Court expresses no opinion as to whether plaintiff's wrongful conviction claim is barred by limitations.

*Conclusion*

Plaintiff's federal civil rights claim for his allegedly wrongful 2011 discharge from his civil commitment treatment program is DISMISSED WITH PREJUDICE as frivolous and/or for failure to state a claim under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(i) and (ii), premised on the two-year limitations bar.

Plaintiff's federal civil rights claim for his alleged wrongful felony conviction is DISMISSED WITH PREJUDICE to being asserted again until the *Heck* conditions are met. Because plaintiff's claim is barred by *Heck*, the claim is frivolous and/or fails to state a claim under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(i) and (ii).

3

Any and all pending motions are DENIED AS MOOT. The dismissal of this lawsuit constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on November 15, 2018.

_____
Gray H. Miller
United States District Judge